IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JORGE OLIVA LEIVA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-01292 (RDA/WEF) |
| | ) | |
| JEFFREY CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## <u>ORDER</u>

On April 10, 2026, Petitioner Jorge Bladimir Oliva-Leiva ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See Oliva-Leiva v. Simon*, No. 1:26-cv-990 (E.D. Va.) ("*First Habeas*"). The Court granted the First Habeas Petition. *See First Habeas*, Dkt. 5, Order dated April 15, 2026. In particular, the Court directed that Petitioner be provided with a bond hearing by an Immigration Judge within seven (7) days of the Court's Order.

In this second action, Petitioner, now *pro se*, again asserts that he has been detained without receiving a bond hearing. Dkt. 1. The current Petition was signed on April 27, 2026—more than seven days after the issuance of the Court's Order in the *First Habeas*—but did not arrive for filing until May 13, 2026. On May 14, 2026, the Court issued an Order directing the Respondents to respond to the current Petition and set a deadline for Petitioner's reply. Dkt. 3. Respondents timely filed their Opposition, but Petitioner has not filed a reply and it has been more than one week since that deadline passed.

Respondents have submitted evidence that, in compliance with this Court's Order in the *First Habeas*, Petitioner received a bond hearing on April 21, 2026. In particular, Respondents submitted the declaration of Assistant Field Office Director Charles M. Byrne, who states that,

"[o]n April 21, 2026, Petitioner had a bond hearing before an Immigration Judge" where "[b]ond was denied based on Petitioner being a flight risk." Dkt. 6-1 ¶ 14. Accordingly, the Petition, which solely challenges his "mandatory immigration detention without the right to a bond hearing," is both duplicative and moot. Dkt. 1 at 2. The Petition will therefore be dismissed. *See, e.g., Leskovskiy v. Terry*, No. 1:26-cv-1052 (RDA/WBP), Dkt. 6, Order dated May 6, 2026 (E.D. Va.) (holding that "the pending Motions will be denied, and the Petition will be dismissed as duplicative of *Leskovskiy I*"); *see also Cheatham v. Muse*, 554 F. App'x 245, 245 n. 1 (4th Cir. 2014) (unpublished) (recognizing that, if district court determines two cases may be duplicative, it may consolidate them or dismiss the case); *Harrison v. South Carolina*, 126 F. App'x 100, 101 (4th Cir. 2005) (per curiam) (unpublished).[1]

Accordingly, it is hereby ORDERED that the Petition (Dkt. 1) is DENIED and DISMISSED; and it is

FURTHER ORDERED that the request to proceed *in forma pauperis* (Dkt. 2) is DENIED as MOOT; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to place this matter among the ended causes.

---

[1] The Court notes that, although Respondents cite several cases, those cases are inapposite, because they addressed challenges to the substance of the Immigration Judge's bond hearing. Dkt. 6 at 2 (citing cases). The Court does not understand Petitioner to be challenging the substance of his bond hearing because he contends in his Petition that he is subject to "mandatory detention" pursuant to 8 U.S.C. § 1225(b) and that he is challenging his "mandatory immigration detention without the right to a bond hearing." Dkt. 1 at 2, 6. Those issues were addressed in the *First Habeas*. Petitioner does not make any arguments about the substance of his bond hearing and Respondents provided no information regarding the hearing itself, other than that the hearing occurred. Thus, the Court does not rely on or reach the argument suggested by Respondents regarding the "Immigration Judge's independent grounds for denying bond." Dkt. 6 at 2 (citing cases).

To appeal this decision, Petitioner must file a written notice of appeal with the Clerk of Court within 60 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Petitioner's right to appeal this decision.

The Clerk is directed to send copies of this Order to all counsel of record and to Petitioner at his last known address.

It is SO ORDERED.

Alexandria, Virginia
June _2_, 2026

/s/

Rossie D. Alston, Jr.
United States District Judge

3